1   Daley & Heft, LLP
    Attorneys at Law
2   Matthew E. Bennett, Esq. (SBN 203049)
    Lee H. Roistacher, Esq. (SBN 179619)
3   462 Stevens Avenue, Suite 201
    Solana Beach, CA  92075
4   Telephone:  (858) 755-5666
    Facsimile:  (858) 755-7870
5   E-mail:      lroistacher@daleyheft.com
                 mbennett@daleyheft.com
6
    Attorneys for Defendants,
7   Whole Foods Market California, Inc. and
    Whole Foods Market Service, Inc.
8

9                   **UNITED STATES DISTRICT COURT**

10                **SOUTHERN DISTRICT OF CALIFORNIA**

11  ARCHI'S ACRES, INC., a California          Case No.:  19-cv-02478-JLS-MSB
    corporation; and ARCHIPLEY'S
12  FAMILY FARM, INC., a California            **MEMORANDUM OF POINTS AND
    corporation,                                AUTHORITIES IN SUPPORT OF
13                                              DEFENDANT WHOLE FOODS
                     Plaintiffs,                MARKET CALIFORNIA, INC. AND
14                                              WHOLE FOODS MARKET
               v.                               SERVICE, INC.'S MOTION TO
15                                              DISMISS PLAINTIFFS' FIRST
    WHOLE FOODS MARKET                          AMENDED COMPLAINT**
16  SERVICE, INC., a Delaware
    corporation; WHOLE FOODS                    Date:         May 7, 2020
17  MARKET CALIFORNIA, INC., a                  Time:         1:30 p.m.
    California corporation; and DOES 1-         Dept:         4D
18  50, inclusive,                              Judge:        Janis L. Sammartino
                                                Magistrate:  Michael S. Berg
19                   Defendants.
                                                Complaint Filed: December 24, 2019
20                                              Trial Date: None set

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                    i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

I.      INTRODUCTION……………………………………………………1

II.     ALLEGATIONS……………………………………………………..1

III.    AUTHORITY………………………………………………………...3

IV.     ARGUMENT………………………………………………….....5

A.      This Court Should Dismiss All Of Archi's Causes Of Action Because They Are Insufficiently Plead Under *Twombly/Iqbal*……………..……..4

1.      Lanham Act Claims……………………………………………......4

a.      Lumping Defendants Together Is Insufficient……………………………5

b.      Failure To Allege Trademark Infringement...……………………………..6

c.      Failure to Allege False Advertising………………………………………7

2.      Breach of Contract………………………………………………....8

3.      Promissory Estoppel………………………………………………..9

4.      Fraud…………………………………………………………......10

5.      Breach of Fiduciary Duty………………………………………...10

B.      This Court Should Dismiss Archi's Causes Of Action For Fraud, Negligent Misrepresentation, Promissory Estoppel And Breach Of Fiduciary Duty Because They Are Barred By California's Economic Loss Rule………………………………………………………………11

C.      This Court Should Dismiss Archi's Promissory Estoppel Cause Of Action Because It Cannot Be Maintained With The Breach Of Contract Cause Of Action As The Torts Are Mutually Exclusive…………………………………………………………14

D.      This Court Should Dismiss Archi's Punitive Damage Claim………....16

V.      CONCLUSION…………………………………………………...17

Case No. 19-cv-02478-JLS-MSB

# TABLE OF AUTHORITIES

**Cases**

*Ace Hardware Corp. v. Khan Indus. Inc.*
  2012 WL 13175952 (S.D. Cal. Sept. 13, 2012)…………………………..9

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*
  7 Cal.4th 503 (1994)……………………………………………..12

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)……………………………………………*Passim*

*Avidity Partners, LLC v. State*
  221 Cal.App.4th 1180 (2013)…………………………………………15

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007)……………………………………………3, 4, 7

*Bosley Med. Ins., Inc. v. Kremer*
  403 F.3d 672 (9th Cir. 2005)…………………………………………6

*Canedo v. Pac. Bell Tel. Co.*
  341 F. Supp. 3d 1116 (S.D. Cal. 2018)……………………………………14

*Chan v. Chancelor*
  2011 WL 5914263 (S.D. Cal. Nov. 28, 2011)……………………………9

*Chavez v. CITImortgages, Inc.*
  2012 WL 12895843 (C.D. Cal. Dec. 19, 2012)…………………………15

*City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*
  43 Cal. 4th 375 (2008)……………………………………………10

*Dickens v. NBS Default Servs., LLC*
  2018 WL 1172520 (S.D. Cal. Mar. 6, 2018)………………………………4

*Distance Learning Co., Inc. v. Silly Monkey Studios, LLC*
  2017 WL 9613958 (N.D. Cal. Feb. 14, 2017)……………………………15

*Erlich v. Menezes*
  21 Cal.4th 543 (1999)……………………………………………12

*Eunice v. United States*
  2013 WL 756168 (S.D. Cal. Feb. 26, 2013)…………………………6, 8, 9

*Foley v. Interactive Data Corp.*
  47 Cal.3d 654 (1988)……………………………………………..12

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*
  868 F. Supp. 2d 983 (E.D. Cal. 2012)………………………..………….14

*Freeman & Mills, Inc. v. Belcher Oil Co.*
  11 Cal.4th 85 (1995)……………………………………………..12

iii

*Gauvin v. Trombatore*
   682 F.Supp. 1067 (N.D. Cal. 1988)……………………………………6, 8

*Gen–Probe, Inc. v. Amoco Corp.*
   926 F.Supp. 948 (S.D. Cal. 1996)…………………………………...6, 8, 9

*Giles v. General Motors Acceptance Corp.*
   494 F.3d 865 (9th Cir. 2007)…………………………………………12

*Healy v. Brewster*
   59 Cal. 2d 455 (1963)…………………………………………………15

*Horne v. Harley-Davidson, Inc.*
   660 F. Supp. 2d 1152 (C.D. Cal. 2009)………………………………16

*In re iPhone Application Litig.*
   2011 WL 4403963 (N. D. Cal. Sept. 20, 2011)………………………5, 6, 8

*In re Packaged Seafood Prod. Antitrust Litig.*
   242 F. Supp. 3d 1033 (S.D. Cal. 2017)………………………………4

*J.B. Enterprises Int'l, L.L.C. v. Sid & Marty Krofft Pictures Corp.*
   2003 WL 21037837 (C.D. Cal. Mar. 3, 2003)………………………...15

*Kaljian v. Menezes*
   36 Cal.App.4th 573 (1995)……………………………………………11

*Kearns v. Ford Motor Co.*
   567 F.3d 1120 (9th Cir. 2009)………………………………………4

*KST Data, Inc. v. Northrop Grumman Sys. Corp.*
   2017 WL 10519638 (C.D. Cal. Nov. 16, 2017)…....……….....………15

*Kyocera Corp. v. Hecmma Inc.*
   2006 WL 8455467 (S.D. Cal. Sept. 14, 2006)…………………………15

*Lewis v. County of San Diego*
   2015 WL 474279 (S.D. Cal. Feb. 5, 2015)………………………….....4

*MH Pillars Ltd. v. Realini*
   277 F. Supp. 3d 1077 (N.D. Cal. 2017)………………………………14

*Newcal Indus., Inc. v. Ikon Office Solution*
   513 F.3d 1038 (9th Cir. 2008)…………………………………………8

*Opperman v. Path, Inc.*
   87 F. Supp. 3d 1018 (N.D. Cal. 2014)………………………………...14

*Orosco v. Sun-Diamond Corp.*
   51 Cal.App.4th 1659 (1997)…………………………………………11

*Prager Univ v. Google LLC*
   ____ F.3d. ____, 2020 WL 913661 (9th Cir. Feb. 26, 2020)…………...7, 8

iv

*Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*
   360 F. Supp. 3d 994 (N.D. Cal. 2018)……………………………………...11

*Reardon LLC v. Rearden Commerce, Inc.*
   683 F.3d 1190 (9th Cir. 2012)……………………………………………….6

*Recorded Picture Co. v. Nelson Entm't, Inc.*
   53 Cal.App.4th 350 (1997)…………………………………………………10

*Rendon v. County of Orange*
   2019 WL 4284521 (C.D. Cal. March 23, 2019)…………….........*Passim*

*Robinson Helicopter Co. v. Dana Corp.*
   34 Cal.4th 979 (2004)……………………………………...…………….12

*Skydive Ariz., Inc. v. Quattrochi*
   673 F.3d 1105 (9th Cir. 2012)………………………………………….7

*State Ready Mix, Inc. v. Moffatt & Nichol*
   232 Cal.App.4th 1227 (2015)……………………………………………14

*Sunfarms, LLC v. Eurus Energy Am. Inc.*
   2019 WL 4736223 (S.D. Cal. Sept. 27, 2019)…………………………...12

*Tapia v. Davol, Inc.*
   116 F. Supp. 3d 1149 (S.D. Cal. 2015)……………………………………9

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*
   660 F. Supp. 2d 1163 (C.D. Cal. 2009)……………………………...…12

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*
   117 F. Supp. 3d 1092 (C.D. Cal. 2015)……………………………...…14

*Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP*
   593 F. Supp. 2d 1153 (S.D. Cal. 2008)……………………………..…10

*Von Brincken v. Royal*, 2013 WL 211245
   (E.D. Cal. Jan. 10, 2013)
   *aff'd*, 586 F. App'x 378 (9th Cir. 2014)……………………………………4

*Walker v. KFC Corp.*
   728 F.2d 1215 (9th Cir.1984)…………………………………….…….15

*Warrick v. Travelers Commercial Ins. Co.*
   2015 WL 11921403 (S.D. Cal. Oct. 29, 2015)…………………………...14

*Waste & Compliance Mgmt., Inc. v. Stericycle, Inc.*
   2017 WL 4358145 (S.D. Cal. Oct. 2, 2017)………………………………7

*Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Reservation*
   2018 WL 2734946 (S.D. Cal. June 7, 2018)……………………………15

*Wolf v. Superior Court*
   107 Cal.App.4th 25 (2003)…………………………………………....10

v

*Youngevity Int'l. v. Smith*
    2019 WL 2918161 (S.D. Cal. July 5, 2019)…………………………………7

*Youngman v. Nevada Irr. Dist.*
    70 Cal. 2d 240 (1969)……………………………………...………14, 15

**Statutes**

15 U.S.C. § 1114(1)(a)………………………………………………......4

15 U.S.C. § 1125(a)…………………………………………...……..4

Cal. Civil Code § 3294(b)…………………………………………………16

Fed. R. Civ. Proc., Rule 8(a)(2)………………………………....................3, 6

Fed. R. Civ. Proc., Rule 9(b)………………………………….......................4

Fed. R. Civ. Proc., Rule 12(b)(1)………………………………...……….......1

Fed. R. Civ. Proc., Rule 12(b)(6)……………………………………...1, 3

**Other**

1 Witkin, Summary of California Law, § 244 (11th ed. 2017)………...………14, 15

# I.

# INTRODUCTION

In their original complaint, Archi's Acres, Inc. and Archipley's Family Farm, Inc. (collectively "Archi's") asserted causes of action against Whole Foods Market California, Inc. and Whole Foods Market Service, Inc. under California law for breach of contract, promissory estoppel, fraud, negligent misrepresentation and breach of fiduciary duty.  ECF Doc. No. 1.  Both defendants moved to dismiss the original complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction because there was (and is) not complete diversity, and under Rule 12(b)(6) because the causes of action were (and are) insufficiently plead.  Further, because a breach of contract cause of action was pled, the other causes of action failed under California law because they were all based on alleged contractual breaches. *See* ECF Doc. Nos. 5, 8.

Archi's amended the complaint rather than opposing the motions to dismiss.  ECF Doc. No. 11.  The first amended complaint attempts to remedy the jurisdictional defect by pleading a federal cause of action under the Lanham Act for trademark infringement and false advertising.  *Id.* at pp. 17-20, ¶¶ 82-94.  But no plausible Lanham Act claim is alleged and Archi's did nothing to remedy the pleading deficiencies existing in the original complaint regarding the state law causes of action.  Indeed, despite the roadmap provided in the motions to dismiss, Archi's did not change or add a single allegation to these causes of action.  This Court should grant the Rule 12(b)(6) motion to dismiss.

# II.

# ALLEGATIONS

Archi's Acres, Inc. and Archipley's Family Farm, Inc. are distinct California corporations.  ECF Doc. No. 11, p. 3, ¶¶ 4-5.  Whole Foods Market California, Inc. is a California Corporation.  *Id.* at ¶ 7.  Whole Foods Market

Service, Inc., a separate corporation, is a Delaware corporation with its principal place of business located outside of California.  *Id.* at ¶ 6.

According to the amended complaint, "Whole Foods"[1] began purchasing organic basil from Archi's in 2007.  *Id.* at p. 4 ¶ 14.  In 2012, "Whole Foods" "recruited" Archi's to expand its operations so it could supply the "entire southwest region."  *Id.* at p. 5 ¶ 15.  In June 2012, "Whole Foods" and Archi's allegedly executed a contract wherein "Whole Foods" agreed to buy $573,000 worth of basil from Archi's per year.  *Id.* at ¶ 16.

The amended complaint asserts that "Whole Foods" subsequently had a representative meet with Archi's to discuss building of a greenhouse to expand Archi's operations to increase production capabilities.  *Id.* at ¶ 17.  The "Whole Foods" representative also provided Archi's with an application for a "'local producer loan,'" which Archi's subsequently applied for and obtained in the amount of $100,065.  *Id.* at pp. 5-6 ¶¶ 17-19.  Archi's loan application described how it was going to use the money as part of an expansion project costing $870,000, that it was seeking additional financing from other sources, and that it was relying on yearly contractual revenue from "Whole Foods" of $299,000.  *Id.* at p. 5 ¶ 18.  The cost of the land purchase and construction of the greenhouse totaled $1,260,000, plus interest. *Id.* at ¶ 21.  Archi's used the contract with "Whole Foods" as evidence of income to obtain additional financing.  *Id.*

To accommodate the new greenhouse, Archi's claims it bought property and completed the greenhouse in late 2017.  *Id.* at p. 6, ¶ 22.

///

---

[1]As discussed *post*, it is unclear whether Archi's alleges entering into a contract with Whole Foods Market Service, Inc., Whole Foods Market California, Inc, or some other Doe entity. For purposes of this motion, and without waiving any defenses or claims the term "Whole Foods" is used generically to address the unclear allegations in Archie's complaint.

1  Archi's now claims that "Whole Foods" never purchased $573,000 in basil

2  from Archi's.  *Id.* at pp. 6-7 ¶¶ 23-24.  "Whole Foods" only purchased $76,000

3  in basil in 2018 and even less in 2019.  *Id.* at p. 7 ¶ 25.   Archi's basil was never

4  in all Southern California "Whole Food" stores.  *Id.* at p. 8, ¶ 29.

5  "Whole Foods" used and continues to use Archi's in their advertising and

6  on their website.  *Id.* at pp. 7-8 ¶¶ 27-28.

## III.

## AUTHORITY

9  Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to

10  dismiss a complaint because it "fail[s] to state a claim upon which relief can be

11  granted."

12  "Under Federal Rule of Civil Procedure 8(a)(2) a pleading must contain a

13  'short and plain statement of the claim showing that the pleader is entitled to

14  relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).  "[A] complaint must

15  contain sufficient factual matter, accepted as true, to state a claim to relief that is

16  plausible on its face."  *Id.* at 678 (quotation marks omitted).  "The plausibility

17  standard is not akin to a 'probability requirement,' but it asks for more than a

18  sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Bell Atl.*

19  *Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A claim has facial plausibility

20  when the plaintiff pleads factual content that allows the court to draw the

21  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

22  "Threadbare recitals of the elements of a cause of action, supported by mere

23  conclusory statements, do not suffice."  *Id.*  "A pleading that offers 'labels and

24  conclusions' or 'a formulaic recitation of the elements of a cause of action will

25  not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

26  'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

27  Facts "'merely consistent with' a defendant's liability" are insufficient.  *Id.*

28  ///

3

1  (quoting *Twombly*, 550 U.S. at 557).  And "'legal conclusions couched as a

2  factual allegation" are not accepted as true.  *Twombly*, 550 U.S. at 555.

3       Further, allegations of fraud require a plaintiff to "state with particularity

4  the circumstances constituting fraud …." Fed. R. Civ. P. 9(b).  The allegations

5  must "be 'specific enough to give defendants notice of the particular misconduct

6  ... so that they can defend against the charge and not just deny that they have

7  done anything wrong.' [Citation]." *Kearns v. Ford Motor Co.*, 567 F.3d 1120,

8  1124 (9th Cir. 2009).  "'Averments of fraud must be accompanied by "the who,

9  what, when, where, and how" of the misconduct charged.' [Citations]." *Id.*  "A

10 party alleging fraud must 'set forth more than the neutral facts necessary to

11 identify the transaction.' [Citation]." *Id.*

12      Because federal pleading rules apply to state law claims over which a

13 federal court has jurisdiction, *Dickens v. NBS Default Servs., LLC*, 2018 WL

14 1172520, at *2 (S.D. Cal. Mar. 6, 2018), the *Twombly /Iqbal* pleading standards

15 apply to state law claims.  *Lewis v. County of San Diego*, 2015 WL 474279, at *7

16 (S.D. Cal. Feb. 5, 2015); *Von Brincken v. Royal*, 2013 WL 211245, at *4 (E.D.

17 Cal. Jan. 10, 2013), *aff'd*, 586 F. App'x 378 (9th Cir. 2014); *see In re Packaged*

18 *Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1068 (S.D. Cal. 2017)

19 (analyzing state law claims under the *Twombly/Iqbal* standard).

20                              **IV.**

21                          **ARGUMENT**

22 **A.    This Court Should Dismiss All Of Archi's Causes Of Action Because**
       **They Are Insufficiently Plead Under *Twombly/Iqbal***
23

24 **1.    Lanham Act Claims**

25      Archi's brings Lanham Act claims against "Whole Foods" for trademark

26 infringement under 15 U.S.C. section 1114(1)(a) and for false advertising under

27 section 1125(a).  ECF Doc. No. 11, p. 17 ¶ 91.  Archi's alleges operating and

28 doing business under the trademarks "'Archi's Acres'" and "'Veteran's

                              4

1  Sustainable Agriculture Training Program" and that it owns registered

2  trademarks for "'VSAT Archi's Acres.'" *Id.* at p. 17 ¶ 83.  Archi's alleges using

3  the marks in commerce, including in the sale of organic basil, and through media

4  coverage the marks have acquired secondary meaning regarding the military and

5  charitable service undertaken by plaintiffs' principals.  *Id.* at p. 18 ¶¶ 84-86.

6  Archi's claims "Whole Foods" is infringing upon the trademarks, and "Whole

7  Foods" is making false and confusing representations to consumers regarding

8  "Whole Foods" relationship with Archi's, "Whole Foods" commitment to local

9  farmers, the status of "Whole Foods" and Archi's as partners, and the availability

10  of Archi's basil in "Whole Foods'" stores.  *Id.* at ¶¶ 87-88; *see also id.* at pp. 7-8,

11  ¶¶ 27-29.  According to Archi's, consumers are lured to "Whole Foods" stores

12  thinking Archi's basil is available but wind up buying other basil sold by "Whole

13  Foods" upon discovering Archi's basil is not available.  *Id.* at pp. 18-19 ¶ 88.

14  Archi's alleges suffering injury in the form of loss and dilution of goodwill, and

15  the diversion of sales from retailers where Archi's basil is sold.  *Id.* at p. 19 ¶ 89.

16  **a.    Lumping Defendants Together Is Insufficient**

17       Two different plaintiffs - Archi's Acres, Inc. and Archipley's Family Farm

18  - Inc. are suing two different defendants - Whole Foods Market Service, Inc. and

19  Whole Foods Market California, Inc. - for violating the Lanham Act.  But

20  nowhere in the complaint is any distinction made between either defendant

21  regarding what each defendant allegedly did to violate the Lanham Act.  *See* ECF

22  Doc. No. 11, pp. 7-8 ¶¶ 27-29 (general allegations against defendants regarding

23  Lanham Act claims); *id.* at pp. 17-19 ¶¶ 82-91 (cause of action for Lanham Act

24  making allegations against "defendants").

25       A plaintiff cannot "lump defendants together" and must specify the basis

26  of the claim against each defendant.  *Rendon v. County of* Orange, 2019 WL

27  4284521, at *2 (C.D. Cal. March 23, 2019). Where a plaintiff fails "to allege

28  what role each [d]efendant played in the alleged harm," to each plaintiff, it is

1  "exceedingly difficult, if not impossible, for individual [d]efendants to respond

2  to [p]laintiffs' allegations." *In re iPhone Application Litig.*, 2011 WL 4403963,

3  at *8 (N. D. Cal. Sept. 20, 2011); *see also Gen-Probe, Inc. v. Amoco Corp.*, 926

4  F.Supp. 948, 961 (S.D. Cal. 1996) ("confusion of which claims apply to which

5  defendants would require that the complaint be dismissed with leave to file an

6  amended complaint").

7         Thus, this cause of action is subject to dismissal because "lump[ing]

8  together ... multiple defendants in one broad allegation fails to satisfy [the] notice

9  requirement of Rule 8(a)(2)." *Gen-Probe*, 926 F.Supp. at 961; *Rendon,* 2019

10  WL 4284521 at *2, *see Eunice v. United States*, 2013 WL 756168, at *3 (S.D.

11  Cal. Feb. 26, 2013) ("Lumping all 'defendants' together and facts regarding the

12  incident does not put a particular defendant on notice as to grounds for the

13  allegations."); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988)

14  (lumping together multiple defendants does not satisfy Rule 8(a)(2)'s notice

15  requirements).

16  **b.     Failure To Allege Trademark Infringement**

17         Elements of a trademark infringement claim under the Lanham Act are: (1)

18  that the plaintiff "has a protectable ownership interest in the mark; and (2) that

19  the *defendant's use of the mark* is likely to cause consumer confusion." *Rearden*

20  *LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) (emphasis

21  added); *see Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005)

22  ("[T]he Act is designed to protect consumers who have formed particular

23  associations with a mark from buying a competing product using the same or

24  substantially similar mark and to allow the mark holder to distinguish his product

25  from that of his rivals.").

26         Archi's only alleges that it owns certain marks and that "[d]efendants

27  infringed upon [its] marks" without ever alleging how "Whole Foods" used

28  Archi's marks, much less in a manner likely to cause consumer confusion.  ECF

Doc. No. 11, p. 17-18, ¶¶ 83, 87, 88.  Merely alleging ownership of a mark and infringement by "Whole Foods" is woefully insufficient.  *Iqbal*, 556 U.S. at 678.  This Court should dismiss Archi's trademark infringement claim.

**c.**     **Failure To Allege False Advertising**

The elements of false advertising under the Lanham Act are:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (citations omitted); *Youngevity Int'l v. Smith*, 2019 WL 2918161, at *2 (S.D. Cal. July 5, 2019).  Of course, *Twombly/Iqbal* require alleging actual facts to support each element.  Moreover, "[f]alse advertising claims are subject to heightened pleading standards under Rule 9(b)."  *Waste & Compliance Mgmt., Inc. v. Stericycle, Inc.*, 2017 WL 4358145, at *2 (S.D. Cal. Oct. 2, 2017).

Archi's false advertising claim fails at the outset because there are no facts alleged establishing a plausible claim that "Whole Foods" made any false statement of fact about the origin or characteristics of Archi's product or any of "Whole Foods" products.  *See Prager Univ. v. Google LLC*, ___ F.3d ___, 2020 WL 913661, at *5 (9th Cir. Feb. 26, 2020)  (A plaintiff must allege a "'false or misleading representation of fact' 'in commercial advertising or promotion' that 'misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.'").

Archi's allegations regarding misrepresentations about a "commitment to local farmers" or "[p]laintiffs' and [d]efendants' status and affiliation as partners" or "the availability of [p]laintiffs' basil in [d]efendants' stores", ECF Doc. No. 11, p. 18 ¶ 87, are not "'false or misleading representation[s] of fact' ...

1  that *'misrepresent[] the nature, characteristics, qualities, or geographic origin*

2  *of [Archi's or "Whole Foods"] goods, services, or commercial activities.'"*

3  *Prager*, 2020 WL 913661, at \*5 (emphasis added).

4        Also, Archi's fails to allege any false statements of fact in commercial

5  advertising or promotion because there are no allegations of any commercial

6  speech by "Whole Foods", no allegations that "Whole Foods" and plaintiffs are

7  competitors, and no allegations that the statements of fact were made for the

8  purpose of having consumers purchase "Whole Foods'" products over Archi's.

9  *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1054 (9th Cir. 2008)

10  ("To constitute commercial advertising or promotion, a statement of fact must

11  be: [¶] (1) commercial speech; (2) by the defendant who is in commercial

12  competition with the plaintiff; (3) for the purpose of influencing consumers to

13  buy defendant's goods or services.").

14  Further, the remainder of Archi's allegations are nothing more than elements of

15  the claim untethered to actual facts. *See* ECF Doc. No. 11, pp. 18-19 ¶¶ 88-89.

16        This Court should dismiss Archi's false advertising claim.

17  **2.**    **Breach of Contract**

18        Nowhere does Archi's complaint allege which plaintiff entered into a

19  contract with which defendant – Whole Foods Market Service, Inc. or Whole

20  Foods Market California, Inc. – and the contract is not attached to the complaint.

21  Rather, "plaintiffs" and "defendants" are lumped together throughout. *See* ECF

22  Doc. No. 11, pp. 4-8, ¶ 14-29 (repeatedly alleging "defendants" and "plaintiffs"

23  in general allegations); *id.* at p. 8, ¶¶ 30-36 (breach of contract cause of action

24  making allegations against "defendants"). Such allegations are insufficient and

25  this Court should dismiss the cause of action. *Rendon,* 2019 WL 4284521, at \*2;

26  *Eunice*, 2013 WL 756168, at \*3; *In re IPhone Application Litig.*, 2011 WL

27  4403963, at \*8; *Gen-Probe*, 926 F.Supp. at 961; *Gauvin*, 682 F.Supp. at 1071.

28  ///

1

**3.     Promissory Estoppel**

2

The promissory estoppel cause of action contains the same deficiencies as

3

the breach of contract cause of action, insufficiently lumping "plaintiffs" and

4

"defendants" together without specifying which defendant did what to which

5

plaintiff.  *See* ECF Doc. No. 11, pp. 9-10 ¶¶ 38-47.  It is accordingly

6

insufficiently plead and this Court should dismiss it.  *Rendon,* 2019 WL

7

4284521, at *2; *Eunice*, 2013 WL 756168, at *3; *Gen-Probe*, 926 F.Supp. at 961.

8

**4.     Fraud**

9

"In a fraud action against a corporation, a plaintiff must 'allege the names

10

of the persons who made the allegedly fraudulent representations, their authority

11

to speak, to whom they spoke, what they said or wrote, and when it was said or

12

written.' [Citation]." *Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1163 (S.D. Cal.

13

2015); *Ace Hardware Corp. v. Khan Indus., Inc.*, 2012 WL 13175952, at *4

14

(S.D. Cal. Sept. 13, 2012) (Samartino, J.)  Archi's complaint contains none of

15

these required allegations.  *See* ECF Doc. No. 11, pp. 11-14 ¶¶ 49-57, 60-67.

16

Moreover, once again, the complaint lumps plaintiffs and defendants

17

together.  *See Chan v. Chancelor*, 2011 WL 5914263, at *4 (S.D. Cal. Nov. 28,

18

2011) ("Plaintiffs' FAC entirely lacks the requisite particularity for a fraud claim.

19

It lumps Defendants' names together, makes vague and conclusory statements

20

regarding alleged fraudulent conduct, and fails to include any allegations specific

21

to the 'the who, what, where, when and how' of the alleged fraud.  It is unclear

22

what any Defendant did that allegedly defrauded Plaintiffs. Defendants cannot be

23

expected to defend themselves based on such inadequate notice of what they are

24

alleged to have done. Due to this utter lack of specificity, the Court GRANTS

25

Defendants' motions to dismiss as to this claim.").

26

The fraud causes of action lack any specificity and are insufficiently plead.

27

As a result, this Court should dismiss them.

28

///

9

1

### 5.   Breach of Fiduciary Duty

2        Like all the other causes of action, the breach of fiduciary duty cause of

3   action improperly and insufficiently relies on "lump allegations."  *See* ECF Doc.

4   No. 11, p. 15 ¶ 72 ("Plaintiffs reposed confidence in the integrity of

5   [d]efendants" and "[d]efendants voluntarily accepted or assumed to accept the

6   confidence reposed in them.  This created a fiduciary duty the part of

7   [d]efendants ...."); *id.* at ¶ 71 ("Plaintiffs and [d]efendants were partners and joint

8   venturers ....").  These defects are sufficient for this Court to dismiss the cause of

9   action.  *Rendon,* 2019 WL 4284521 at *2.  But there is more.

10       Under California law, "[t]he elements of a cause of action for breach of

11  fiduciary duty are: '(1) existence of a fiduciary duty; (2) breach of the fiduciary

12  duty; and (3) damage proximately caused by the breach.' [Citation]."  *Vaxiion*

13  *Therapeutics, Inc. v. Foley & Lardner LLP*, 593 F. Supp. 2d 1153, 1169 (S.D.

14  Cal. 2008).

15       Archi's seems to allege a fiduciary duty existed because of a contract

16  between Archi's and "Whole Foods," and because Archi's and defendants were

17  "partners and joint venturers regarding the greenhouse project and the supply of

18  Whole Foods' basil in the southwest region."  ECF Doc. No. 11, p. 15 ¶¶ 70-73.

19       The existence of a contract does not itself create a fiduciary duty.  *Wolf v.*

20  *Superior Court*, 107 Cal.App.4th 25, 31 (2003); *Recorded Picture Co. v. Nelson*

21  *Entm't, Inc.*, 53 Cal.App.4th 350, 370 (1997).  And Archi's does not allege

22  "Whole Foods" actually agreed in the contract to act as a fiduciary, and it is clear

23  whatever contract existed envisioned a mutually beneficial relationship where

24  Archi's would get money from "Whole Foods" and "Whole Foods" would get

25  basil from Archi's. *See City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43

26  Cal.4th 375, 386 (2008) ("There is no indication in the contract that Genentech

27  entered into it with the view of acting primarily for the benefit of City of Hope.

28  ///

10

Article 1 of the contract envisions a mutually beneficial relationship between the parties ....").

Although those in partnerships and joint ventures owe certain fiduciary duties to each other, Archi's has not alleged the existence of a partnership or joint venture with "Whole Foods" so it cannot base its breach of fiduciary duty cause of action on either of those relationships.

"There are three basic elements of a joint venture: the members must have joint control over the venture (even though they may delegate it), they must share the profits of the undertaking, and the members must each have an ownership interest in the enterprise." *Orosco v. Sun-Diamond Corp.*, 51 Cal.App.4th 1659, 1666 (1997); *see Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.,* 360 F. Supp. 3d 994, 1010 (N.D. Cal. 2018) ("'An essential element of a joint venture is the right of joint participation in the management and control of the business.' [Citation].""). A partnership likewise requires "'the right of joint participation in the management and control of the business. [Citation].'" *Kaljian v. Menezes*, 36 Cal.App.4th 573, 586 (1995).

There are no facts alleged establishing "Whole Foods" had any control over or ownership in Archi's business, or that "Whole Foods" and Archi's shared in any profits.  In fact, the allegations establish the opposite.  "Whole Foods" was to pay Archi's for the basil.

Because Archi's has not plead a relationship sufficient to impose a fiduciary duty on defendants, the cause of action fails and this Court should dismiss it.

**B.      This Court Should Dismiss Archi's Causes Of Action For Fraud, Negligent Misrepresentation, Promissory Estoppel And Breach Of Fiduciary Duty Because They Are Barred By California's Economic Loss Rule**

"California law bars tort claims based on the same facts and damages as breach of contract claims under the economic loss doctrine. The economic loss

11

doctrine requires a plaintiff 'recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise.'" *Sunfarms, LLC v. Eurus Energy Am. Inc.*, 2019 WL 4736223, at *7 (S.D. Cal. Sept. 27, 2019) (quoting *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979, 988 (2004)). "The California Supreme Court instructs that 'the economic loss rule prevents the law of contract and the law of tort from dissolving into the other.'" *Id.* "'Conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from the principles of tort law.'" *Id.* (quoting *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999)). "The term 'economic loss' refers to damages that are solely monetary, as opposed to damages involving physical harm to person or property." *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 873 (9th Cir. 2007). As one court explained:

> The [economic loss] rule 'prevents the law of contract and the law of tort from dissolving into one another.' *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 988, 22 Cal.Rptr.3d 352, 102 P.3d 268 (2004) (internal modification and quotations omitted). By preventing tort claims-and, thus, tort damages-the rule encourages parties to reach a mutually beneficial private bargain. Limiting recovery to contract damages makes it easier for parties to '"estimate in advance the financial risks of their enterprise."' *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th 85, 106, 44 Cal.Rptr.2d 420, 900 P.2d 669 (1995) (quoting *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 515, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994)); *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 694, 254 Cal.Rptr. 211, 765 P.2d 373 (1988). [Fn]. As a result, the rule is particularly strong when a party alleges 'commercial activities that negligently or inadvertently [went] awry.' *Robinson Helicopter*, 34 Cal.4th at 991 n. 7, 22 Cal.Rptr.3d 352, 102 P.3d 268.

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009).

Archi's alleges it entered into a contract with "Whole Foods" requiring "Whole Foods" to purchase $573,000 worth of basil from Archi's, "Whole Foods" loaned Archi's $100,065 that Archi's used along with other money it borrowed from others to purchase property and equipment to expand its

12

1  production capabilities, and that "Whole Foods" "breached the contract by

2  failing to purchase the $573,000 worth of basil per year.  ECF Doc. No. 11, pp.

3  4-8, ¶¶ 12-36.  Archi's seeks damages of not less than $2,000,000 and injunctive

4  relief requiring "Whole Foods" to specifically perform under the contract by

5  buying $573,000 of basil a year.  *Id.* at p. 8, ¶ 35.

6      Archi's promissory estoppel cause of action is based on the breaches of

7  contract alleged by Archi's.  *See id.* at pp. 9-10, ¶¶ 38-46.  Indeed, Archi's

8  promissory estoppel cause of action alleges that "[a]s a result of [d]efendants'

9  *breach of contract*, [Archi's] [has] been damaged ...."  *Id.* at p. 10, ¶ 47

10  (emphasis added).  Examining the relief sought by Archi's further confirms the

11  cause of action is based on the alleged contractual obligation. Archi's seeks the

12  exact same damages as it does for its breach of contract cause of action,

13  including specific performance of the contract.  *Compare id.* at p. 9, ¶ 37 *with id.*

14  at pp. 10, ¶ 48.

15      Archi's fraud claims (fraud/concealment/negligent misrepresentation) are

16  also based on "Whole Foods" breach of contract.  Archi's alleges "Whole Foods"

17  "fraudulently misrepresented" it "would purchase $573,000 in basil from

18  [Archi's] once [it] finished the greenhouse project" and "Whole Foods" failed to

19  tell Archi's it "no longer intended to perform" as agreed under the contract.  *Id.*

20  at p. 11, ¶¶ 51, 54; *see also id.* at p. 13, ¶¶ 62, 65.  So the fraud claims are based

21  on the alleged breach of the contract.  Moreover, Archi's seeks the same

22  economic damages it seeks for breach of contract and also seeks specific

23  performance of the contract.  *Id*. at pp. 12-13, ¶ 59; *id.* at p. 14, ¶ 69.

24      Archi's breach of fiduciary duty cause of action asserts a duty arising from

25  the contract, and the breach of that duty by failing to honor the contractual

26  obligations to purchase $573,000 worth of basil a year.  *Id.* at pp. 15-17, ¶¶ 70-

27  79.  Again, Archi's seeks the same economic damages and specific performance

28  of the contract.  *Id*. at p. 17, ¶ 81.

13

Because Archi's fraud, promissory estoppel, and breach of fiduciary duty causes of action are all based on commercial activities and obligations governed by an alleged contract, and they seek the same contractual damages and specific performance of the contract, the economic loss rule bars them; otherwise the law of contract and tort would be improperly merged. *See UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1103-1106 (C.D. Cal. 2015) (economic loss rule bars fraud claims); *Warrick v. Travelers Commercial Ins. Co.*, 2015 WL 11921403, at *3 (S.D. Cal. Oct. 29, 2015) (same); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 991-994 (E.D. Cal. 2012) (same); *State Ready Mix, Inc. v. Moffatt & Nichol,* 232 Cal.App.4th 1227, 1233 (2015) (applying economic loss rule to promissory estoppel claim); *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1100 (N.D. Cal. 2017) (dismissing breach of fiduciary duty cause of action under economic loss rule); see also *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1055 (N.D. Cal. 2014) ("'Purely economic damages to a plaintiff which stem from disappointed expectations from a commercial transaction must be addressed through contract law ....' [Citation].").

**C.    This Court Should Dismiss Archi's Promissory Estoppel Cause Of Action Because It Cannot Be Maintained With The Breach Of Contract Cause Of Action As The Torts Are Mutually Exclusive**

"Under California law, the elements of a promissory estoppel claim are 1) a promise 2) made with reasonable expectation that it would induce reliance or forbearance, 3) actual reliance or forbearance, and 4) enforcement of the promise being the only way to avoid injustice." *Canedo v. Pac. Bell Tel. Co.*, 341 F. Supp. 3d 1116, 1126 (S.D. Cal. 2018).

"The purpose of promissory estoppel under California law is to make a promise binding where there is no consideration to otherwise make it binding. *Youngman v. Nevada Irr. Dist.*, 70 Cal. 2d 240, 249 (1969); *see also* 1 Witkin,

///

Summary of California Law, § 244 (11th ed. 2017)." *KST Data, Inc. v. Northrop Grumman Sys. Corp.*, 2017 WL 10519638, at *4 (C.D. Cal. Nov. 16, 2017).

Promissory estoppel is, however, "not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove a breach of contract." *Walker v. KFC Corp.*, 728 F.2d 1215, 1220 (9th Cir.1984); *see J.B. Enterprises Int'l, L.L.C. v. Sid & Marty Krofft Pictures Corp.*, 2003 WL 21037837, at *4 (C.D. Cal. Mar. 3, 2003) ("[t]he doctrine of promissory estoppel is inapplicable to enforce the bargained for consideration of a contract").

As well explained by the court in *Distance Learning Co., Inc. v. Silly Monkey Studios, LLC*, 2017 WL 9613958 (N.D. Cal. Feb. 14, 2017):

> California courts have made clear that contract claims and promissory estoppel claims are mutually exclusive and that courts can dismiss a cause of action for promissory estoppel even at the pleading stage. *Healy v. Brewster*, 59 Cal. 2d 455, 463 (1963). The purpose of the promissory estoppel 'doctrine is to make a promise binding, under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange. If the promisee's performance was requested at the time the promisor made his promise and that performance was bargained for, the doctrine [of promissory estoppel] is inapplicable.' *Avidity Partners, LLC v. State*, 221 Cal.App.4th 1180, 1208 (2013) (emphasis in original) (quoting *Youngman v. Nevada Irrigation Dist.*, 70 Cal. 2d 240, 249 (1969)). 'In other words, where the promisee's reliance was bargained for, the law of consideration applies; and it is only where the reliance was unbargained for that there is room for application of the doctrine of promissory estoppel.' *Healy*, 59 Cal. 2d at 463.

*Id.* at *1; *see Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Reservation*, 2018 WL 2734946, at *9-10 (S.D. Cal. June 7, 2018); *Kyocera Corp. v. Hecmma Inc.*, 2006 WL 8455467, at *2 (S.D. Cal. Sept. 14, 2006).

Courts regularly dismiss promissory estoppel causes of action when, as in this case, a breach of contract cause of action is alleged. *E.g., Williams & Cochrane*, 2018 WL 2734946, at *10 (dismissing promissory estoppel claim because the "breach of contract claim covers all of the conduct at issue in W&C's promissory estoppel claim" and "[a]ny action W&C took in response to the

15

promises alleged in the FAC were the result of the bargain memorialized in the fee agreement"); *KST Data*, 2017 WL 10519638, at *3-5 (dismissing promissory estoppel claim with prejudice despite rule allowing alternative pleading because promissory estoppel allegations were based on contractual obligations: "Here, KST may not plead the claim for promissory estoppel in the alternative to the claim for breach of contract because there is no such "alternative" in which to plead."); *Chavez v. CITImortgages, Inc*., 2012 WL 12895843, at *4 (C.D. Cal. Dec. 19, 2012) ("Plaintiff's promissory estoppel claim arises from the same allegations that give rise to her breach of contract claim. [fn] However, it is well settled that an action for promissory estoppel cannot lie where 'a valid contract, supported by consideration, governs the same subject matter as the alleged promise.' [Citations]. Thus, Plaintiff's promissory estoppel claim is DISMISSED WITH PREJUDICE."); *Horne v. Harley-Davidson, Inc.*, 660 F. Supp. 2d 1152, 1163 (C.D. Cal. 2009) (dismissing promissory estoppel cause of action "because a valid contract, supported by consideration, governs the same subject matter as the alleged promise").

As in *Harley-Davidson,* the breach of contract and promissory estoppel claims asserted by Archi's arise from the same allegations.  Accordingly, this Court should dismiss the promissory estoppel cause of action.

**D.    This Court Should Dismiss Archi's Punitive Damage Claim**

Archi's seeks punitive damages pursuant to its causes of action for promissory estoppel, fraud and breach of fiduciary duty.  ECF Doc. No. 11, p. 10, ¶ 48(b); *id.* at p. 12, ¶¶ 58, 59(b); *id.* at p. 17, ¶¶ 80, 81(b); *see also id.* at p. 21 (prayer).  Because these causes of action are subject to dismissal, so too are the punitive damage claims.  Moreover, Archi's fails to sufficiently allege punitive damages against a corporate entity.  *See* Cal. Civil Code § 3294 (b).

///

///

16

## V.

## CONCLUSION

For the reasons articulated above, and because Archi's amended their original complaint without correcting any of the deficiencies raised in the prior motion to dismiss, this Court should dismiss without leave to amend.

Dated: March 11, 2020                           Daley & Heft, LLP


By: */s/ Lee H. Roistacher*
                                       Matthew E. Bennett
                                       Lee H. Roistacher
                                       Attorneys for Defendants
                                       Whole Foods Market California, Inc.
                                       and Whole Foods Market Service,
                                       Inc.
                                       E-mail: mbennet@daleyheft.com
                                                   lroistacher@daleyheft.com

17